UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. CR414-141 |
| | ) | |
| EAN HUGGINS-MCLEAN, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Ean Huggins-McLean, the defendant in this drug conspiracy case, requested an evidentiary hearing to determine whether he made a knowing and voluntary waiver of his Fifth Amendment privilege against self-incrimination. Doc. 29 at 1, 5. He asserts that upon his arrival at the Savannah, Georgia airport several FBI agents arrested him, placed him in an airport interrogation room, gave him a "Waiver of Rights" form, and he signed it. *Id.* at 2 & ex. B (copy of executed form indicating that defendant understood his rights and consented to an interview). Defendant never asserts that he did *not* read and understand the standard advice-of-rights form; nor does he claim that the government extracted a

confession from him through overreaching or some form of coercion.[1] Rather, the entire basis for his motion is counsel's assertion that "a waiver and statement made so soon after [the] traumatic event [of his arrest] can't be deemed to be knowing or voluntary." *Id.* at 5.

As the Court explained at the August 19, 2014 hearing, the motion fails to meet the pleading burden required for an evidentiary hearing. A defendant seeking the suppression of evidence has the initial burden of setting out a *factual basis* for his motion. Merely referencing some provision of the Constitution or legal theory is not enough to entitle defendant to an evidentiary hearing. "[A] trial court may refuse a defendant's request for a suppression hearing and motion to suppress if the defendant fails to allege facts that, if proved, would require the grant of relief." *United States v. Richardson*, 764 F.2d 1514, 1526-27 (11th Cir. 1985). The suppression motion "must in every critical respect be sufficiently definite, specific, detailed, and nonconjectural to enable the

---

[1] This Court's local rules require that every factual assertion in a motion to suppress be supported by a citation to the existing record or to an affidavit or other evidentiary material submitted with the motion. LCrR 12.1. As support for his factual assertions, defendant relies exclusively upon certain discovery material furnished by the government (two FBI 302 investigative reports and the advice-of-rights form which he executed prior to his interview). Doc. 29 at 1.

2

court to conclude that a *substantial claim* is presented." *Id.* at 1527 (emphasis added); *accord United States v. Cooper*, 203 F.3d 1279, 1284-85 (11th Cir. 2000) (district court properly denied a "motion to suppress . . . deficient of any facts" and that advanced "no concrete foundation" to support its legal claim).

Although *Richardson* declined to decide whether this pleading obligation (which it applied to suppression motions asserting *Fourth Amendment* violations) pertains to "a request for a hearing to determine voluntariness of statements" under the *Fifth Amendment*, 764 F.2d at 1528, subsequent Eleventh Circuit decisions have confirmed that it does. Thus while a defendant has both a constitutional and a statutory right to a fair hearing and an independent determination of the voluntariness of his confession prior to its admission at trial, he "is not entitled to this remedy unless he can show 'that his version of the events, if true, would require the conclusion that his confession was involuntary'; *i.e.*, he must allege *facts* which would, if proven true, indicate the involuntariness of his confession." *United States v. Davidson*, 768 F.2d 1266, 1270 (11th Cir. 1985) (emphasis in original) (quoting *Procunier v. Atchley*, 400 U.S. 446,

3

451 (1971)); *accord United States v. Scheigert*, 809 F.2d 1532, 1533 (11th Cir. 1987) (per curiam); *see United States v. Miller*, 838 F.2d 1530, 1536 (11th Cir. 1988) ("facts that do not indicate that a confession could be involuntary *a fortiori* do not entitle a defendant to a hearing on the issue."); *United States v. Mostellar*, 165 F. App'x 831, 835 (11th Cir. 2006).

"A statement is not 'compelled' within the meaning of the Fifth Amendment if an individual 'voluntarily, knowingly and intelligently' waives his constitutional privilege." *Colorado v. Spring*, 479 U.S. 564, 573 (1987) (quoting *Miranda v. Arizona*, 384 U.S. 436, 444 (1966)). Huggins-McLean advances no facts to support his generalized conclusion that his statements were not "knowing or voluntary." Doc. 29 at 5. He concedes that he signed the advice-of-rights form presented to him by the agents, *id.* at 2, and he never asserts that he did not read the form before signing it or did not understand its plain and concise explanation of his Fifth Amendment rights. Nor does he allege any facts suggesting that the agents pressured or tricked him into waiving his rights or coerced him into making a statement. *See Colorado v. Connelly*, 479 U.S. 157, 167 (1986) ("coercive police activity is a necessary predicate to the finding that

a confession is not 'voluntary.')."

Defendant's conclusory assertion that his arrest at the airport was a "traumatic event" is not only factually unsupported[2] but, standing alone, is legally insufficient to make out a Fifth Amendment claim that his confession was somehow "compelled." If the mere fact of an arrest were deemed traumatizing enough to leave an arrestee incapable of making a knowing and voluntary waiver of his privilege against self-incrimination, then no post-arrest confession would ever be admissible. That is simply not the law. "The sole concern of the Fifth Amendment, on which

---

[2] Defendant's factual assertions are based on the FBI 302 investigative reports attached as exhibits to his motion. They state simply that FBI agents "located and arrested" defendant at the airport "without incident," doc. 29, ex. C, and that he "signed a 'Waiver of Rights' (FD-395) agreeing to speak with [the] Agents." *Id.*, ex A. The advice-of-rights form, which bears defendant's signature, reflects that he was advised of his right to remain silent and to the presence of counsel, and informed that any statement he made could be used as evidence against him. *Id.*, ex B. The "consent" portion of the form reflects that defendant read and understood his rights and was "willing to answer questions without a lawyer present." *Id.* Underneath defendant's signature is this handwritten note: "17 years of education." *Id.*

Counsel endeavored to add some color to the investigative reports by asserting that the FBI agents told defendant "they needed to question him," doc. 29 at 2, and that they "whisked [him] off to . . . a small interrogation room where he was questioned by multiple agents." *Id.* at 4. These embellishments are not found in the attached exhibits, which counsel conceded both in his motion and in open court to be the sole factual support for defendant's suppression motion. Counsel's expansion of the "facts," unsupported by affidavit or any evidentiary material, is mere ornament that will not be considered in assessing whether defendant has raised a substantial claim meriting an evidentiary hearing.

*Miranda* was based, is governmental coercion." *Connelly*, 479 U.S. at 170. And this issue "'is to be determined by an *objective* evaluation of police conduct and not by defendant's subjective perception of reality.'" 2 Wayne R. LaFave, Criminal Procedure § 6.2(c) at 643 (3d ed. 2007) (emphasis added). The defendant has furnished no affidavit stating that he was "traumatized" by his arrest. And even if he did, he has offered no facts suggesting that a *reasonable person*, under similar circumstances, would have felt compelled to waive his rights and give a confession.

A defendant is not entitled to a suppression hearing just because he wants one. He must set out a disputed issue of fact that, if resolved in favor, would establish a violation of his constitutional rights. Huggins-McLean has failed to satisfy this pleading standard. His motion, therefore, should be **DENIED** without a hearing.

**SO REPORTED AND RECOMMENDED** this 21st day of August, 2014.

_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**