UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA,    )
                             )
vs.                          )          INDICTMENT NUMBER:
                             )              4:14 cr 141
EAN HUGGINS-MCLEAN,          )
                             )
        Defendant.           )

## DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION

COMES NOW EAN HUGGINS-MCLEAN ("Mr. Huggins-McLean"), Defendant herein, and files this his Objections to the Report and Recommendation entered on August 21, 2014, doc # 39, and shows the Court the following:

## 1.    Procedural History

Mr. Huggins-McLean was arrested at the Savannah airport on April 10, 2014 and charged by criminal complaint several days later in United States District Court with conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846, distribution of a controlled substance in violation of 21 U.S.C. § 841 and a travel act violation in violation of 18 U.S.C. §1952. Doc # 1.

Mr. Huggins-McLean, a resident of the Bay area in California, was released on bond and required as a condition of the bond to reside with his parents. Doc # 4-7.

An indictment was returned the following month charging Mr. Huggins-McLean with the same three counts. Doc # 11.

The government provided Mr. Huggins-McLean with discovery, doc # 17, 19, and he was arraigned June 12, 2014. Doc # 20.

Mr. Huggins-McLean filed 4 pretrial motions on June 27, 2014, including a Motion to Suppress, which attached three FBI reports of investigation that detailed his statements to FBI agents at the time of his arrest at the Savannah airport. Doc # 29. The two issues raised were whether his statement complied with the dictates of Miranda and whether his statement was voluntary. Id. at 2.

The government filed an omnibus response to Mr. Huggins-McLean's motions and specifically addressed the claims raised arguing that the defendant's statements were given in compliance with Miranda and were not otherwise involuntary. Doc # 3-5.

## 2.   **The Standard of Review**

A "district judge must determine *de novo* any part of a magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b); 28 U.S.C. 636(b)(1)(C). After reviewing the evidence, the court is free to accept, reject, or modify the proposed findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). "It is well-settled that upon proper objection by a party, a district court must review de novo a magistrate judge's ruling on a motion to suppress." United States v. Quinney, 238 Fed. Appx. 150, 152 (6th Cir.2007) (citations omitted).

**3.**   **The Magistrate Judge Deprived Huggins-McLean of Procedural Due Process**

The Fifth Amendment procedural due process clause protects an individual's liberty interests and requires notice and an opportunity to be heard before deprivation of that interest. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950); Mathews v. Eldridge, 424 U.S. 319, 332 (1976). To comply with due process, the Supreme Court has held that notice of any scheduled hearing must be given sufficiently in advance of the proceeding to afford one a reasonable opportunity to prepare. In re Gault, 387 U.S. 1, 33 (1967). Such notice necessarily must inform the individual of the issues to be addressed at the hearing including an explanation of what will be covered at the hearing. Goldberg v. Kelly, 397 U.S. 254, 267 (1970).

On August 5, 2014, Mr. Huggins-McLean's Motion to Suppress was set for evidentiary hearing for Tuesday, August 19, 2014. Doc # 37. Mr. Huggins-McLean, who is from California, Doc # 5, traveled from California for the purpose of the attending the hearing.  His mother traveled with him and was in the courtroom. However, instead of being heard regarding the evidentiary issues presented by his Motion to Suppress, the Magistrate Judge argued that no hearing was necessary. Hearing Transcript, pp. 3-11. Counsel for Mr. Huggins-McLean was unprepared to argue whether he was entitled to a hearing - he was there for the purpose of litigating

the merits of the motion.

The Magistrate Judge was, apparently, piqued from an earlier hearing just over two weeks prior, where the defendants either failed to attend, or left during the proceeding, while the Court had to hear from three separate witnesses while the defendants' did not care enough to stay. <u>United States v. Evans</u>, 2014 WL 3939401, *1 (S.D. Ga. July 30, 2014).[1] So, while the Magistrate's pique was understandable in <u>Evans</u>, such was not the case here, where Mr. Huggins-McLean and his mother traveled across country for a hearing that the Eleventh Circuit has described as "consum[ing] little time", see <u>United States v. Davidson</u>, 768 F.2d 1266, and that is, in fact, codified at 18 U.S.C. §3501.

The Magistrate deprived Mr. Huggins-McLean of Fifth Amendment due process when he scheduled an evidentiary hearing on one issue - <u>Miranda</u> and the voluntariness of a confession, then held a hearing on another issue - whether the legal sufficiency of the pleading entitled him to a hearing at all.

Had Mr. Huggins-McLean and counsel received meaningful notice as to the reason for the hearing, they could have been prepared to demonstrate, as set forth

---

[1] The Magistrate commented that "the motion, it's just like the last motion that I received in a recent case where the necessary assertions of involun - - - of coercion that led to an involuntary statement are not made here, just like they weren't made in the last case." Hearing Transcript, p. 1.

below, that the Magistrate Judge was in error.

**4.     The Magistrate Erred in Finding that Mr. Huggins-McLean was not Entitled to a Hearing on his Motion to Suppress**

Mr. Huggins-McLean raised 2 issues in his Motion to Suppress: 1) whether his in-custody statements were obtained in compliance with the dictates of <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), and 2) whether those statements were voluntary. Doc # 29, p. 2.

The Magistrate cites 6 cases for the proposition that a defendant must allege facts in a motion to suppress, that if proven, would entitle him to relief. That rule is contrary to Supreme Court precedent, Eleventh Circuit precedent, contrary to 18 U.S.C. § 3501 and contrary to the cases from the Southern District of Georgia.

First, the Magistrate Judge cites <u>United States v. Richardson</u>, 764 F.2d 1514, 1526-27  (11th Cir. 1985), for the proposition that a trial court can refuse to grant a hearing on a suppression issue if the "defendant fails to allege facts that, if proved, would require the grant of relief." Doc # 39, p. 6.  However, the language cited in <u>Richardson</u>, dealt with the issue of standing regarding the search of a house because the defendants had failed to allege an interest in the property which would give them standing. <u>Id</u>. at 1526. In fact, the language appearing in the sentence preceding the quoted language by the Magistrate Judge provides that, "No allegation of ownership

5

or other legitimate expectation of privacy appeared in their motions to suppress or at trial." Id. It has long been the rule in the Fourth Amendment context that one moving to suppress a search of property, must establish some possessory interest in the property in question in order to successfully challenge the search. That issue was not present in this case.

As the Magistrate Judge acknowledged, however, Richardson was not a Fifth Amendment case and did not reach the issue of pleading requirements regarding assertions of Miranda violations, voluntariness of confessions, or 18 U.S.C. § 3501. Rather, the Eleventh Circuit simply found that any error in failing to hold a hearing on the post-arrest statements of Richardson was harmless. Id. at 1528.

The Magistrate next cites United States v. Davidson, 768 F.2d 1266 (11th Cir. 1985), for the proposition that a defendant is not entitled to his "constitutional and [ ] statutory right to a fair hearing", doc # 39, p. 3, unless he alleges "*facts* which would, if proven true, indicate the involuntariness of his confession." Id. quoting Davidson, 768 at 1270. (Emphasis in Report and Recommendation).

But Davidson doesn't announce the new proposition of law that would have followed in time immediately on the heels of Richardson. In fact, the Davidson court supports the position of Mr. Huggins-McLean. The Eleventh Circuit in Davidson stated, "We agree with the appellant that the district court erred in failing to hold a

6

<u>Jackson v. Denno</u> hearing to determine the voluntariness of his statements."
<u>Davidson</u>, 768 F.2d at 1271. The Eleventh Circuit went on, noting that such hearings take "little time" and that the "district judge should have held a hearing . . ." <u>Id</u>. So, <u>Davidson</u> held that it was error for the district court to fail to hold the <u>Jackson v. Denno</u> hearing.

The language in <u>Davidson</u> that the Magistrate Judge quotes deals with the **remedy** on **appeal** following the erroneous failure of the district court to hold a pretrial hearing on the voluntariness of the defendant's statements. <u>Id.</u> at 1270. The Eleventh Circuit noted that the proper remedy for failure to hold a <u>Jackson v. Denno</u> hearing is remand to the trial court for a post trial hearing on the issue of voluntariness, but that in the legal and factual context of an appeal, "an appellant is not entitled to this remedy unless he can show 'that his version of events, if true, would require the conclusion that his confession was involuntary . . . " <u>Id.</u> quoting <u>Procunier v. Atchley</u>, 400 U.S. 446, 451 (1971).[2]

<u>Davidson</u> undermines the rationale of the Magistrate Judge in this case and supports the fact that Mr. Huggins-McLean was entitled to a hearing.

---

[2] The Magistrate Judge's citation to <u>United States v. Scheigert</u>, 809 F.2d, 1532, 1533 (11th Cir. 1987) (per curiam), is likewise unavailing because the issue there was what relief the appellant was entitled to on appeal following the admission of a confession.

The Magistrate next cites <u>United States v. Miller</u>, 838 F.2d 1530, 1536 (11th Cir. 1988), for this proposition: "facts that do not indicate that a confession could be involuntary *a fortiori* do not entitle a defendant to a hearing on the issue." Doc # 39, p. 4. (Emphasis in the original) There are several problems with the Magistrate Judge's citation of this case. First, there is no case called "<u>United States v. Miller</u>" at 838 F.2d 1530, however, there is a case by the name of <u>Miller v. Dugger</u>, where the language at issue can be found.[3]

Miller was convicted of first degree murder and sentenced to life in prison without the possibility of parole. 838 F.2d at 1534. Miller then brought a habeas petition in federal court alleging, in part, that his confession was admitted without a determination of voluntariness by the court and that it was taken in violation of Miranda. <u>Id</u>.

Judge Kravitch writing for the Eleventh Circuit called the intersection of <u>Jackson v. Denno</u> and <u>Miranda</u> some "of the most important cases on constitutional criminal procedure." <u>Id.</u> at 1535.

Addressing the <u>Jackson v. Denno</u> question first, Judge Kravitch noted that the ordinary remedy for a state court's failure to hold a <u>Jackson v. Denno</u> hearing is not

---

[3] Mr. Huggins-McLean cited <u>Miller v. Dugger</u> for the proposition that the court must look to the totality of circumstances in assessing the voluntary nature of the defendant's custodial statement. Doc # 39, at p. 4.

automatic reversal, but rather remand to the trial court for an evidentiary hearing on the limited issue of the confession's voluntariness. Id. at 1536. The court further noted that (like the appellant in Davidson) "for a habeas petitioner to be entitled to this relief, however, he must allege some facts that would indicate the involuntariness of his confession." Id.

And, so, we are arrived at the language in the opinion seized upon to deny a petitioner at trial a hearing, when, in fact, this standard is being applied to a habeas petitioner - whether the "record" on appeal demonstrates facts that would authorize remand to the trial court for a post trial hearing.

Miller, of course, does not address 18 U.S.C. § 3501 because that statute deals with pretrial admission of confessions. Notably, there is not an exception carved out of that statute for when hearings on the voluntariness of confessions may and may not be held. In fact, the language of the statute is mandatory: "Before such confession is received in evidence, the trial judge **shall**, out of the presence of the jury, determine any issue as to voluntariness." 18 U.S.C. § 3501 (a). (Emphasis supplied)

As this court is well aware, the standards on appeal and at trial are wildly different. The Magistrate Judge has conflated post trial, appellate standards into pretrial pleading standards. There is no legal authority for such a leap.

Tellingly, the court in Miller did find that is was error to admit Miller's

statement without first "deciding that Miller had made a valid waiver of his <u>Miranda</u>

rights." 838 F.2d at 1540.

The Magistrate Judge here has made the same error as the trial judge in Miller

in "confusing voluntariness and waiver." <u>Id.</u> at 1540.

Finally, the Magistrate Judge cites <u>United States v. Mostellar</u>, 165 Fed.Appx.

831, 835 (2006), to support the denial of a hearing to Mr. Huggins-McLean. This is

curious given the fact that <u>Mostellar</u> plainly states, "A <u>Jackson</u> hearing is

constitutionally mandated for a defendant who *timely urges* that his confession is

inadmissible because it was not voluntarily given." <u>Id.</u> (Emphasis in original)[4]

The Eleventh Circuit concluded that Mostellar was not entitled to a <u>Jackson v.</u>

<u>Denno</u> hearing because she limited her objections to the use of her statements on the

ground that they lacked foundation - "she made no challenge to the voluntariness of

the statements." <u>Id.</u> Moreover, Mostellar's statement was unrelated to the charge for

which she was on trial. <u>Id.</u>

Having addressed the Magistrate's citations that undermine the failure to hold

a hearing, we turn now to binding precedent. Supreme Court precedence, Eleventh

---

[4] The Court in <u>Mostellar</u> noted that the Eleventh Circuit reviews the failure
to hold a <u>Jackson v. Denno</u> hearing *de novo*, but remands to conduct a hearing
only when the defendant "allege[s] facts which would, if proven true, indicated the
involuntariness of his confession." Quoting, <u>United States v. Davidson</u>, 768 F.2d
1266, 1270 (11th Cir. 1995).

Circuit precedence and this Court's Orders demonstrate that the Magistrate Judge's reading of the above-referenced cases results in a watering down of constitutional protections established by the Supreme Court.  To demonstrate the error in this case, one need look no further than the commands of <u>Miranda</u> and its progeny. A court "must **presume** that a defendant did not waive his right[s]"; the prosecution bears a "**heavy burden**" in attempting to demonstrate waiver and waiver may not be presumed "simply from the fact that a confession was in fact eventually obtained." <u>Miranda v. Arizona</u>, 384 U.S. 436, 475–476 (1966) (emphasis added); <u>Butler v. North Carolina</u>, 441 U.S. 369, 373 (1979) ("The courts must presume that a defendant did not waive his rights; the prosecutions burden is great . . . ); <u>Missouri v. Seibert</u>, 542 U.S. 600, 608 n. 1 (2004) (the burden of demonstrating the admissibility of a confession rests with the prosecution both as to a waiver and as to voluntariness); <u>Berghuis v. Thompkins</u>, 560 U.S. 370, 383-84 (2010) (affirming that the prosecution bears a heavy burden to show <u>Miranda</u> waivers).

<u>Miranda</u> explained why this burden of proof must be so - - the government is depriving a citizen of important constitutional rights and "has the only means of making available corroborated evidence of warnings given during incommunicado interrogation, the burden is rightly on its shoulders." <u>Miranda v. Arizona</u>, 384 U.S. at 475.

11

The Eleventh Circuit recently explained that it was error for the district court to fail to hold a hearing on the defendant's claimed Miranda violation because "A defendant alleging a Miranda violation is entitled to a determination 'outside the presence of the jury with [the defendant] having a right to be heard.'" United States v. Arbolaez, 450 F.3d 1283, 1292 (11th Cir. 2006), quoting Turner v. United States, 387 F.2d 333, 334 (5th Cir. 1968). The Eleventh Circuit imposes no burden on a defendant to make a prima facie showing of a Miranda waiver, or to demonstrate the involuntary nature of his statements.

As noted above, there is no exception to the statutory requirement that a court "shall" hold a hearing on the issue of voluntariness prior to the admission of a confession of the defendant. See 18 U.S.C. § 3501.

Finally, this Court for years has appropriately noted the standards for evaluating Motions to Suppress statements and safeguarded the defendant's constitutional guarantees set out above.

This Court has noted that there is a **conclusive presumption** that a custodial statement is coerced unless the government demonstrates that the suspect has been informed that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed during any questioning. United States v. Pulido-Tejedo,

12

2007 WL 1812654, *3 (S.D. Ga. June 18, 2007) report and recommendation adopted,

2007 WL 2226057 (S.D. Ga. July 30, 2007), quoting Miranda, 384 U.S. at 444.

And, this Court has noted that,

> The law is clear that "[a] Jackson [v. Denno] hearing is 'constitutionally mandated for a defendant who timely urges that his confession is inadmissible because not voluntarily given.' " United States v. Mostellar, 165 Fed. Appx. 831 (11th Cir.2006) (quoting United States v. Davidson, 768 F.2d 1266, 1270 (11th Cir.1985) (emphasis deleted)). "The voluntariness hearing 'must afford the defendant an opportunity to testify regarding the inculpatory statement out of the jury's presence without prejudice to his right not to take the stand in his defense.' " Davidson, 768 F.2d at 1270. The requirement of a voluntariness hearing is codified by 18 U.S.C. § 3501(a). The Court, therefore, will schedule an evidentiary hearing to address defendant's specific contention that his statement to the arresting officer was given involuntarily.

United States v. Pulido-Tejedo, 2007 WL 1812653, *1 (S.D. Ga. June 007).

Under this Court's previous decisions, Mr. Huggins-McLean was entitled to

a hearing on his Motion to Suppress and the government bears the burden of proving

he waived his Miranda rights and that his statement was voluntarily given.

## 5.   The Record Demonstrates a Miranda Violation

Even if Mr. Huggins-McLean had an initial burden of proof (he doesn't), he

has made a sufficient showing of a Miranda violation in the FBI reports of interview

attached to his Motion.[5]

---

[5] Huggins-McLean attached the FBI interview reports of his interrogation in order to satisfy this Court's Local Rule 12.1.

The actual FBI report of Mr. Huggins-McLean's interview is only one and a half pages. See Doc # 29, Exhibit "A."

What the FBI reports factually demonstrate is that Mr. Huggins-McLean was "located and arrested" at the Savannah Airport on April 10, 2014. Doc # 29, Exhibit "C."  That arrest, apparently, took place between 11:30 p.m. and 11:46 p.m. Id. at Exhibit "A", p. 1. Agent Harley noted that Mr. Huggins-McLean signed a rights waiver at 11:30 p.m., however, the rights waiver wasn't signed until 11:46 p.m. See Exhibit "B." This would indicate that there was a period of some 16 minutes between the time Mr. Huggins-McLean was taken into custody and the signing of the rights waiver.  The statements of Mr. Huggins-McLean made in the 16 minutes before signing the rights waiver should be suppressed for failing to comply with the dictates of Miranda.[6]

The Magistrate Judge used language from appellate cases addressing the necessity of a hearing. But this is a very different standard from what district courts employ in the first instance.  Here, the defendant has requested an evidentiary hearing

---

[6]Mr. Huggins-McLean respectfully requests that the Court further order the government to produce at the hearing the agents' rough notes as a "portion of any written record containing the substance of any relevant oral statement made by the defendant." See Fed. R. Crim. Proc. 16(a)(1)(B)(ii); United States v. Almohandis, 307 F. Supp. 2d 253 (D. Mass 2004); United States v. Blatt, 2007 WL 1795685 (E.D. Pa. June 20, 2007).

before this Court, and has cited both precedential and statutory authority indicating that a hearing is warranted. Not holding a hearing would amount to a mistake of law, which is an abuse of discretion. See United States v. Hoffer, 129 F.3d 1196, 1200 (11th Cir. 1997)(noting that a mistake of law is, by definition, an abuse of discretion). Rather than leaving the issue for determination down the road on appeal, the defendant asks the Court to remedy that mistake here.

A hearing should be held.

The Magistrate erred in finding that no hearing was necessary.

**6.**     **Conclusion**

Based upon all the reasons and authorities set forth herein, this Court should

grant Mr. Huggins-McLean a hearing on his Motion to Suppress.

This 25th day of August, 2014.

**s/ Thomas A. Withers, Esq.**
Thomas A. Withers, Esq.
Georgia Bar Number: 772250
Attorney for Ean Huggins-McLean

Gillen, Withers & Lake, LLC
8 East Liberty Street
Savannah, Georgia 31401
Telephone:  (912) 447-8400
E-Mail: Twithers@gwllawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this court.

This 25th day of August, 2014.

<u>**s/ Thomas A. Withers, Esq.**</u>
Thomas A. Withers, Esq.
Georgia Bar Number: 772250
Attorney for Ean Huggins-McLean

Gillen, Withers & Lake, LLC
8 East Liberty Street
Savannah, Georgia 31401
Telephone:  (912) 447-8400
E-Mail: Twithers@gwllawfirm.com

17